**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 9:24-cv-80261-CANNON

SUZETTE G. RODRIGUEZ,

    Plaintiff,

v.

MARTIN O'MALLEY,
*Commissioner of Social Security*,

    Defendant.

_____ /

**REPORT AND RECOMMENDATIONS**

**THIS CAUSE** is before the Court upon the Application to Proceed in District Court Without Prepaying Fees or Costs (the "IFP Motion") (ECF No. 3), filed by Plaintiff Suzette G. Rodriguez.  This matter is referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636 and Southern District of Florida Administrative Orders 2023-18 and 2024-10, to take all necessary and proper action as required by law with respect to all non-dispositive matters and for a Report and Recommendations on any dispositive matters. (ECF No. 5).  Having reviewed Plaintiff's IFP Motion, the record as a whole, and being otherwise fully advised in the premises, the undersigned respectfully **RECOMMENDS** that the IFP Motion be **DENIED**, and that under 28 U.S.C. § 1915(e) the Complaint be **DISMISSED** as untimely and frivolous.

**I.**    **BACKGROUND**

Plaintiff Suzette G. Rodriguez filed this action against the Commissioner of Social Security in this Court on March 7, 2024, purporting to seek review of an unfavorable decision on an application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C.

§ 401 *et seq.* The Complaint suggests that the decision was rendered 20 years ago. (ECF No. 1 at 3). Plaintiff asserts in her Complaint that the Commissioner erroneously (i) denied requests for referral to this Court's Volunteer Attorney Program and (ii) based the unfavorable decision on two criminal cases that, from the case numbers provided, appear to have been filed in 2023. (ECF No. 1 at 4). Plaintiff requests that the Court "assist the government w/ damages." (ECF No. 1 at 4). Plaintiff has attached a "Statement of Case" to her Complaint in this case. (ECF No. 1 at 6–7). The Statement of Case is a copy of the same document filed on February 22, 2024 as Exhibit 2 to Plaintiff's Certificate of Interested Persons and Corporate Disclosure Statement in the Eleventh Circuit case *Suzette Rodriguez v. State of Florida, et al.*, No. 23-12044 (11th Cir. 2024). The Statement of Case bears Southern District of Florida Case No. 15-80245-Civ-Marra. Notwithstanding, Plaintiff's Eleventh Circuit case is an appeal taken from a 2023 case in the Southern District of Florida: No. 9:23-cv-80855-AMC.

## II. LEGAL STANDARD

Under Section 1915(e), "court[s] shall dismiss [a] case at any time if the court determines that . . . the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief," notwithstanding any filing fee or portion thereof that may have been paid. 28 U.S.C. § 1915(e)(2)(B); *see also Mehmood v. Guerra*, 783 F. App'x 938, 940 (11th Cir. 2019) (emphasis added) ("[U]nder § 1915(e), district courts have the power to screen complaints filed by all IFP litigants, *prisoners and non-prisoners alike*.").

The standard for dismissal under Federal Rule of Civil Procedure 12(b)(6) governs a dismissal under § 1915(e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Dismissal under Rule 12(b)(6) is appropriate when the facts as pled do not state a claim for relief

2

that is "plausible on its face." *Ashcroft v. Iqbal*, 555 U.S. 662, 678 (2009). In addition, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," *Nietzke v. Williams*, 490 U.S. 319, 327 (1989); when the claims rely on "clearly baseless" factual allegations, *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); or, when the plaintiff ostensibly has little or no chance of success, *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

*Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (1979) (internal quotations and citations omitted). In determining whether to dismiss a *pro se* plaintiff's complaint, the allegations are taken as true and are construed in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a plaintiff is not held to a high standard in a motion to dismiss for failure to state a claim, the Federal Rules require "a short and plain statement" of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds it rests upon. *See* Fed. R. Civ. P. 8(a); *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). Moreover, "[u]nder § 1915(e)(2)(B)(ii), a district court must dismiss a case in which the plaintiff is proceeding in forma pauperis if the court determines that the complaint fails to state a claim on which relief may be granted." *Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018). Although district courts must liberally construe *pro se* pleadings, courts are not required to rewrite complaints to create a viable cause of action where one does not otherwise exist. *GJR Invs. v. County of Escambia*, 132 F. 3d 1359, 1369 (11th Cir. 1998).

**III.     DISCUSSION**

The Social Security Act allows for judicial review of "any final decision . . . made after a hearing." *Smith v. Berryhill*, 139 S. Ct. 1765, 1773 (2019) (quoting 42 U.S.C. § 405(g)). A final decision under § 405(g) "most naturally suggests . . . an ALJ hearing on the merits." *Id.* at 1775. Under § 405(g), a claimant "may obtain a review of [a final] decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). However, "the doctrine of equitable tolling is available to a claimant whose § 405(g) challenge in the district court was untimely." *Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007). The Eleventh Circuit has held that "traditional equitable tolling principles require a claimant to justify her untimely filing by a showing of extraordinary circumstances," which may be met "where the defendant misleads the plaintiff, allowing the statutory period to lapse; or when the plaintiff has no reasonable way of discovering the wrong perpetrated against her." *Id.* (quoting *Waller v. Comm'r of Soc. Sec.*, 168 F. App'x 919, 922 (11th Cir. 2006)).

This action is untimely, and no extraordinary circumstances have been plausibly alleged to toll the 60-day statute of limitations under § 405(g). In the section of Plaintiff's Complaint that asks Plaintiff to identify the date on which she received notice that the Commissioner's decision became final, Plaintiff states: "20 years tolling. See complaint Joinder to manmade disaster." (ECF No. 1 at 3). Plaintiff has not identified any manmade disaster that continued for long enough to equitably toll the 60-day statute of limitations by 20 years. Even assuming the Statement of Case is properly attached to her Complaint in this case—it expressly bears a case number for a 2015 action in this District and was filed in the Eleventh Circuit in an appeal of a 2023 action in this District—the Statement of Case is incoherent. Moreover, it does not mention any manmade

disaster or facts supporting equitable tolling of the statute of limitations and instead cites to federal criminal statutes in Title 18 of the United States Code. To the extent the Statement of Case references any denial of disability insurance benefits under the Social Security Act, Plaintiff recounts those facts in a section titled "Facts of Attached Indictment to 23-12044J/80855." In that section, the Statement of Case references denials of Social Security benefits to Plaintiff's now-adult daughter who is not a party to this action. With respect to the Southern District of Florida, the Statement of Claim appears to challenge denial of a purported right to legal representation afforded by the Court's Volunteer Attorney Program. (ECF No. 1 at 6). It otherwise references circumstances occurring outside this District. No extraordinary circumstances have been alleged that would warrant equitable tolling of the 60-day statute of limitations by 20 years.

Indeed, the frivolity of this action is apparent from Plaintiff's Complaint, which suggests that Plaintiff does not seek review of the Commissioner' final decision. As noted above, Plaintiff claims in her Complaint that substantial evidence did not support the following: "denials include against Volunteer Attorney Program in this venue." (ECF No. 1 at 4). The Volunteer Attorney Program is a program of the United States District Court for the Southern District of Florida and not the Social Security Administration. Plaintiff's Complaint further asserts that the Commissioner's decision was based on legal errors, citing to two criminal case numbers: 23-12044 and 23-80855. The case numbering for these two criminal cases suggests that they were filed in 2023 which necessarily is after the final decision of the Commissioner from 20 years ago for which Plaintiff seeks equitable tolling and review.

In short, this action is both untimely and frivolous and should be dismissed.

## IV.  RECOMMENDATIONS

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that:

(1) Plaintiff's Application to Proceed in District Court Without Prepayment of Fees or Costs (ECF No. 3) be **DENIED**;

(2) Plaintiff's Complaint (ECF No. 1) be **DISMISSED** as untimely and as frivolous.

A party shall serve and file written objections, if any, to this Report and Recommendations with the Honorable Aileen M. Cannon, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendations. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, on this 11th day of March, 2024.

*[signature]*
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

Copies to:

Honorable Aileen M. Cannon

Suzette G. Rodriguez
custombagsbygrace@gmail.com
PRO SE